O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CASTANEDA,<br><br>   Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>   Defendant. | Case No. EDCV 09-1850-OP<br><br>MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S PETITION FOR APPROVAL OF EAJA FEES |

**I.**

**PROCEEDINGS**

On May 14, 2010, Jose Castaneda ("Plaintiff") filed a Motion for Attorney Fees and Expenses Under the Equal Access to Justice Act ("Motion") seeking a fee award in the amount of $4,161.16, consisting of 20.5 hours of attorney time at a rate of $172.24 per hour, and 5.2 hours of paralegal time at a rate of $120.00 per hour. (Mot. at 4, Ex. 1.) On June 28, 2010, Respondent filed an Opposition to the Motion. On July 9, 2010, Plaintiff filed a Reply. Plaintiff also is seeking an additional $848.86 for preparation of the Reply (4.58 attorney hours at $172.24 per hour and .5 paralegal hours at $120 per hour). (Reply at 19.) Thus, the total amount requested is $5,010.02. (Id.)

/ / /

## II.

## DISCUSSION

**A.   Legal Standard.**

The EAJA provides in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

28 U.S.C. § 2412(d)(1)(A). To award attorney's fees under the EAJA, the Court must determine that: (1) the claimant was the prevailing party; (2) the government has failed to show that its position was "substantially justified" or that special circumstances make the award unjust; and (3) the requested fees and costs are reasonable. Id. §§ 2412(d)(1)(A), 2412(d)(2)(A).

**B.   The Requested Fees Are Unreasonable.**

The Commissioner does not contest the hourly rate that counsel claims, but only disputes the reasonableness of the hours billed. He claims that the time spent was excessive considering the following factors: (1) Mr. LaTour and Ms. Kravig, the attorney who prepared the settlement proposal, bill at the same rate despite differing levels of experience (Opp'n at 5); (2) the settlement proposal, which is seventeen single-space pages setting out seven issues, really included only two issues, most of which did not persuade the Commissioner to agree to a remand, and was overly long and repetitive (id. at 5-6); (3) "frontloading" of work to prepare the settlement document undermines the goals of the settlement procedure which aim to reduce litigation time and expense (id. at 7); (4) Plaintiff raised no

novel issues, the administrative record was not particularly lengthy, and it appears counsel "spent unnecessary time 'researching' matters that did not require original research, and drafting a brief by simply reframing one issue into six separate issues." (id.); and (5) the time spent preparing an itemization for the Motion and other preparation for the Motion was excessive and unreasonable (id. at 8.)

Specifically, the Commissioner claims these issues warrant a reduction to no more than twelve hours of attorney time and four hours of paralegal time, for a total award of $2,546.88. (Id.) He also argues that the Court should determine whether any fees requested for time spent on the Reply are reasonable and compensable. (Id.)

This Court has reviewed the settlement proposal prepared by counsel. (Opp'n Ex. 1.) It contains seven issues which appear to be thoroughly analyzed and presented, with accompanying record cites and legal analysis. The Court finds that not all of the attorney time billed for researching and preparing the settlement proposal (15.5 hours) was justified and reasonable because many of the issues are so closely related and repetitive. The Court finds, therefore, that ten hours would be more reasonable for this billing entry. The remaining attorney billing entries, totaling 5 hours, the Court finds to be reasonable. Thus, total attorney time allowed before the Reply, is 15.0 hours, for a total attorney billing of $2,583.60 (15 x $172.24).

Plaintiff also seeks an additional $848.86 for attorney preparation of the Reply.[1] (Reply at 8.) A prevailing party under the EAJA is entitled to fees for the litigation over the fees. Comm'r, INS v. Jean, 496 U.S. 154, 160, 110 S. Ct. 2316, 110 L. Ed. 2d 989 (9th Cir. 1998). Having reviewed the EAJA briefings, the Court finds that this fee request is reasonable. Thus, total attorney billing,

---

[1] This is based on 4.58 hours in attorney time at $172.24 per hour and .5 hours in paralegal time at $120.00 per hour. (Reply at 19.)

including the Reply, amounts to $3,372.46 (19.58 hours x $172.24 per hour).

Defendant argues, without any support, that the total paralegal time spent (prior to the Reply) should be reduced from 5.2 hours to 4 hours. The Court has reviewed the services provided and determines that no reduction is warranted. Thus, the total paralegal time allowed (including an additional .5 for the Reply), is 5.7 hours for a total allowed paralegal billing of $684.00 (5.7 x $120.00).

Accordingly, the Court finds that an EAJA fee award of $4,056.46 ($3,372.46 + $684.00) is reasonable, as required under the EAJA.

**C.    Proper Payee Under the EAJA.**

Plaintiff requests that the award be paid directly to her attorney. (Mot. at 3.) Apparently, Plaintiff signed an agreement stating that he assigned EAJA fees to his attorney. (Reply at 13.) Defendant argues that the assignment is not relevant because the Supreme Court has recently held that an EAJA fee award is payable to the litigant. (Opp'n at 9 (citing Astrue v. Ratliff, --- S. Ct. ----, 2010 WL 2346547 (U.S. June 14, 2010).)

In Ratliff, the Supreme Court held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Ratliff, 2010 WL 2346547, at *3. The Supreme Court noted that although the government had a history of paying EAJA awards directly to attorneys in certain cases, in 2006 it discontinued that practice, making direct payments to the attorneys "only in cases where 'the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney.'" Id. at *7. In this case, although Plaintiff has assigned the right to receive the fees to her attorney, it is not known whether he owes a debt to the government.

The Court notes, however, that an assignment of the fee award from Plaintiff to Plaintiff's counsel does not prevent offset of the award. Quade ex rel. Quade v. Barnhart, 570 F. Supp. 2 1164 (D. Ariz. 2008) (called into doubt on

4

other grounds by <u>Ratliff</u>) (citing <u>Whitmore v. Astrue</u>, No. C 06-05062 SI, 2008 WL 276387, at *5 (N.D. Cal. Jan. 31, 2008)).  The plaintiff in a case has the beneficial interest in EAJA attorney's fees, which the Treasury Department has the authority to offset, despite any assignment interest.  <u>Id.</u>  Thus:

> If a person . . . assigns the right to receive a Federal payment to a third party . . . the assigned payment will be subject to offset to . . . collect delinquent debts owed by th assignor unless . . . the debtor has properly assigned the right to such payments and the debt arose after the effective date of the assignment.

31 C.F.R. §§ 285.5(e)(6)(i) & (ii)(C); <u>see also</u> <u>Whitmore</u>, 2008 WL 276387, at *5.  Consequently, an assignment only protects the attorney from offset of fees for debts of the plaintiff arising after the assignment becomes effective.  <u>Quade</u>, 570 F. Supp. 2d at 1179.  "The ultimate result is that an attorney representing a social security claimant and expecting to receive fees under the EAJA is not reasonably assured to any fees."  <u>Id.</u>

The Court concludes that in light of the assignment, the amount awarded herein, subject to any legitimate offset, should be paid directly to Plaintiff's counsel.

## III.
## ORDER

For the reasons discussed above, Plaintiff's Petition is partially GRANTED, and Plaintiff's counsel is awarded total EAJA fees of $4,056.46.

DATED: July 20, 2010

HONORABLE OSWALD PARADA
United States Magistrate Judge